IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-20028-CM/JPO |
| ADAM W. PURINTON, | |
| Defendant. | |

## MOTION TO STAY PROCEEDINGS

The United States of America, by and through undersigned counsel, respectfully requests that the Court (1) stay the proceedings, including arraignment, during the pendency of the Department of Justice's capital case review process and until the defendant has been arraigned on his case pending in Johnson County, Kansas District Court; and (2) make findings that the requested stay of proceedings, which the United States anticipates will last up to six months, is in the interest of justice.

### I.    Procedural History

On February 23, 2017, the Defendant, Adam W. Purinton, was charged in Johnson County with one count of first-degree murder and two counts of attempted first-degree murder. The Defendant is currently detained, pending trial, at the Johnson County Jail. A preliminary hearing in that case is scheduled for September 18, 2017. If the Court finds that the charges are supported by probable case, arraignment is expected to occur at the conclusion of that hearing.

On June 9, 2017, the grand jury returned a three-count indictment against Defendant Adam Purinton, charging him with two hate crime offenses, in violation of 18 U.S.C. § 249, and one firearm offense, in violation of 18 U.S.C. §§ 924(c) and (j)(1). (Doc. No. 1).   The firearm offense,

as charged in Count Three, carries a statutory maximum penalty of life imprisonment or the death penalty.

## II.     Federal Capital Case Review Process

The Department of Justice has procedures in place (hereafter referred to as the "Capital Case Review Process") to ensure consistent and even-handed national application of federal capital sentencing laws and to allow proper individualized consideration of the appropriate factors relevant to each case. The Capital Case Review Process is triggered in every federal case with a capital charge. The Capital Case Review Process begins with appointment of two defense attorneys, at least one of whom must be experienced in the law applicable to capital cases. Defense counsel is given the opportunity to investigate and to present to the United States any mitigating factors that may affect the decision whether or not to seek the death penalty. The final decision whether or not to seek the death penalty is reserved exclusively to the Attorney General of the United States. In the event that the Attorney General elects to seek the death penalty, the United States must:

> sign and file with the court, and serve on the defendant, a notice--(1) stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under [the law] and that the government will seek the sentence of death; and (2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.

18 U.S.C. § 3593(a). The United States will file a notice informing the Court and parties of the Attorney General's decision whether or not the Attorney General elects to seek the death penalty.

## III.    Meeting with Defense Counsel

The United States has met with counsel of record for the Defendant, Assistant Federal Public Defender Tim Burdick, to confer about discovery and the Capital Case Review Process. At that meeting, the United States offered to provide defense counsel with initial discovery upon this Court's

entry of the parties' agreed-upon protective order. The United States explained to defense counsel the steps in the Capital Case Review Process and opportunities defense counsel will have to investigate and present mitigating factors to representatives of the United States. The United States informed defense counsel that it will seek a stay of these proceedings during the pendency of the Capital Case Review Process. Defense counsel represented that the Defendant would not object to the requested stay.

## IV. Motion to Stay Proceedings

The United States respectfully requests a stay of these proceedings during the pendency of the Capital Case Review Process and until arraignment has occurred in the Johnson County case. The United States anticipates that the stay will last up to six months.

### A. Background law

This Court has the inherent authority and broad discretion to stay proceedings on its docket for good cause. See Doe v. Jones, 762 F.3d 1174, 1178 (10th Cir. 2014) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

In federal cases with at least one capital charge, courts regularly stay proceedings or continue trial during the pendency of the Capital Case Review Process. See United States v. Abad, 514 F.3d 271, 274 (2d Cir. 2008) (finding continuance appropriate in part because time was "needed for the Capital Case Unit to decide whether to seek the death penalty against [defendants], including time for the defendants to make mitigation submissions to the Department of Justice"); United States v. Murillo, 288 F.3d 1126, 1132 (9th Cir. 2002) ("[T]he continuance was proper to

complete the death penalty evaluation process and to allow for additional preparation time, given the complexity of the case.") (citing United States v. Lam, 251 F.3d 852, 856 (9th Cir. 2001)); see also United States v. Ward, No. 2:08-CR-00283-KJD, 2014 WL 1297336, at *4 (D. Nev. Mar. 28, 2014) (noting that "two years of this case were spent in 'intensive death penalty mitigation investigation,'" which the court considered "a valid reason" for the delay); United States v. Jackson, No. 02 CR 756 (LMM), 2005 WL 323715, at *1 (S.D.N.Y. Feb. 10, 2005) (finding that delay of proceedings during the Capital Case Review Process "enabled the unpressured compilation and submission of mitigating information (including the submission of additional material on behalf of [the defendant] at the request of the government) and consideration of such material by the United States Attorney and the Attorney General and their respective committees"); United States v. McKay, No. CR 03-1167-PHX-DGC, 2006 WL 343232, at *3 (D. Ariz. Feb. 15, 2006) ("[T]he Justice Department's review of the file [to determine whether to pursue the death penalty] necessarily occasioned a delay in the proceedings."). As one court explained:

> The ends of justice require that prosecutors make wise and well-informed decisions on whether to seek the death penalty to guarantee that this ultimate punishment is used only when most appropriate. The Defendants, for obvious reasons, have the utmost interest in making sure that the United States does not make a hasty decision whether they will seek to have them put to death. . . . The public has a similar interest in protecting against the unwarranted use of capital punishment in its name. The gravity of this decision cautions against a process built for speed rather than for justice.

United States v. Dominguez-Maqueda, No. CR 06-86 JB, 2006 WL 1308266, at *5 (D.N.M. 2006).

In addition, courts regularly stay proceedings or continue trial in cases with concurrent state and federal prosecutions arising out of the same incident. As the Fourth Circuit explained:

> The need to allow [the defendant] to be prosecuted by the State without interference by the federal government [is] an obvious reason for delaying [his] federal prosecution . . . . To do otherwise would be to mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth between the state and federal systems with consequent additional safety risks and

administrative costs, and generally to throw parallel federal and state prosecutions into confusion and disarray.

United States v. Thomas, 55 F.3d 144, 150–51 (4th Cir. 1995), cited with approval in United States v. Seltzer, 595 F.3d 1170, 1178 (10th Cir. 2010); see also United States v. Schreane, 331 F.3d 548, 554–55 (6th Cir. 2003) (remarking that "[w]hen a defendant violates the laws of several different sovereigns, as was the case here, at least one sovereign, and perhaps more, will have to wait its turn at the prosecutorial turnstile," and concluding that, "[s]imply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay").

  **B.**  **Argument**

A stay of these proceedings until after arraignment in Johnson County and during the pendency of the Capital Case Review Process, which the United States anticipates will last up to six months, would serve the interest of justice in several different ways. A stay would give the parties appropriate time to investigate and to present aggravating and mitigating factors bearing upon the death penalty decision. A stay would give the Attorney General and his advisors appropriate time to weigh those factors and make a decision unpressured by the prospect of an impending trial date. A stay would avoid the need for expensive and time-consuming capital litigation that would be rendered moot by a decision by the Attorney General not to seek the death penalty. A stay would avoid the need for the defendant and his counsel to mount and coordinate defenses against state and federal charges at the same time. A stay would eliminate the need to transport the defendant back and forth between state and federal custody and would eliminate the various risks associated with each transport. Finally, a stay would encourage comity between state and federal authorities by allowing those authorities to factor the Attorney General's death penalty decision into their determination of how best to coordinate the state and federal

prosecutions.

## CONCLUSION

For all of those reasons, the United States respectfully requests that the Court (1) stay the proceedings, including arraignment, during the pendency of the Department of Justice's capital case review process and until the defendant has been arraigned on his case pending in Johnson County, Kansas District Court; and (2) make findings that the requested stay of proceedings, which the United States anticipates will last up to six months, is in the interest of justice.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney
District of Kansas

/s/ *Tristram W. Hunt*  
By: Tristram W. Hunt  
Assistant United States Attorney  
500 State Ave., Suite 360  
Kansas City, KS 66101  
Tel. 913-302-1243  
Fax 913-551-6541  
Tris.Hunt@usdoj.gov  
Ks. S. Ct. No. 18196  

/s/ *David P. Zabel*  
By: David P. Zabel  
Assistant United States Attorney  
500 State Ave., Suite 360  
Kansas City, KS 66101  
Tel. 913-551-6730  
Fax 913-551-6541  
David.Zabel@usdoj.gov  
Ks. S. Ct. No. 17887

T.E. WHEELER, II
Acting Assistant Attorney General
Civil Rights Division

/s/ *Christopher J. Perras*
By: Christopher J. Perras
Trial Attorney
601 D Street, NW
Washington, DC 20004
Tel. 202-353-1130
Fax 202-353-8154
Christopher.Perras@usdoj.gov
Mass. Bar No. 682002